[S. F. No. 3466.  Department Two.—September 26, 1903.]

## ELLEN DORE et al., Respondents, v. JOHN G. KLUMPKE et al., Appellants.

PARTITION—INTERLOCUTORY DECREE—TIME FOR APPEAL—DISMISSAL.—
An appeal from an interlocutory decree in partition must be taken
within sixty days after the order therefor is made and entered in
the minutes of the court or filed with the clerk; and if not so
taken, must be dismissed.

ID.—RUNNING OF STATUTE.—It is the entry of the interlocutory decree,
and not the mere ministerial act of the clerk in compiling the judg-
ment-roll after such entry, which sets the statute of limitations
running for the purpose of appeal.

MOTION to dismiss an appeal from an interlocutory de-
cree of the Superior Court of the City and County of San
Francisco in an action for partition.   James M. Seawell,
Judge.

The facts are stated in the opinion of the court.

R. H. Countryman, for Appellants.

W. B. Sharp, for Respondents.

HENSHAW, J.—This is a motion to dismiss an appeal
taken from an interlocutory judgment in an action for parti-
tion. The interlocutory decree was filed September 21, 1902.
Judgment thereon was entered on September 29, 1902, and
this appeal was taken December 30, 1902.   Section 936 of the
Code of Civil Procedure makes provision for an appeal from
such an interlocutory judgment.   Section 939 (subd. 3) of
the Code of Civil Procedure establishes the time within which
an appeal may be taken, and limits it to ''within sixty days
after the order of interlocutory judgment is made and en-
tered in the minutes of the court or filed with the clerk.''
Admittedly, this appeal is not taken within that time, and
therefore must be dismissed upon the authority of the statute,
supported by the decisions of this court in *Watson* v. *Sutro,*
77 Cal. 609, and *Bartlett* v. *Mackey,* 130 Cal. 181.   In re-
sponse to this, however, it is urged that as upon his appeal

from the judgment the appellant must bring to this court the judgment-roll, the time in which he is to take his appeal begins to run from the date when such judgment-roll is actually made up; but this is contrary to the express language of the statute and to all of the decisions of this court upon the matter. It is the entry of the judgment, and not the mere ministerial act of the clerk in compiling the judgment-roll,— which by the very contemplation of the law is to be done after the entry of the judgment (Code Civ. Proc., sec. 670),—which sets the statute of limitation running.

The appeal is therefore dismissed.

McFarland, J., and Lorigan, J., concurred.

Petition for hearing in Bank received too late to admit of consideration.