[L. A. No. 11556.   In Bank.—December 17, 1929.]

ALBERT LANE et al., Appellants, v. MARIE ˙JULIE PELLISSIER et al., Respondents.

Morgrage & Stanley, R. K. Barrows, Chandler, Wright & Ward, Chandler P. Ward, Wilbert Morgrage, Henry E. Monroe and Arthur F. Coe for Appellants.

Lawler & Degnan, Max Felix, Newby & Newby, Nathan Newby, Williams & Parks and Eugene Williams for Respondents.

PRESTON, J.—All appeals in this action not heretofore dismissed upon stipulation are now hereby dismissed. Enumeration of a long list of names is unnecessary.

The basis of this conclusion is that the notices of appeal were not filed within the statutory limit set by section 939 of the Code of Civil Procedure. The judgment was entered September 6, 1928. The notices were filed on and subsequent to February 6, 1929. The time for filing notices of appeal expired November 5, 1928. Proceedings on motion for a new trial were not initiated prior to the last-mentioned date. Manifestly, without some additional showing, the notices came too late.

But it is said that the judgment was entered September 12, 1928; that notices of intention to move for a new trial were filed on November 10, 1928, and were heard and denied February 26, 1929; hence it is claimed the notices of appeal above referred to were in time.

It appears, however, that on August 31, 1928, findings of fact and conclusions of law were filed, as was also the judgment, and this fact was noted in the register of actions kept by the clerk. On the sixth day of September, 1928, the clerk spread the said judgment at length upon the judgment-book and also noted this fact in his register of actions. However, the clerk in charge of judgments, intending to have the date of making up of the judgment-roll and docket entries correspond with the date of entry of judgment essayed on his own account, without order of court, to re-enter the identical judgment in the judgment-book on September 12, 1928. He then undertook to cancel his first entry of the judgment by writing across the face thereof these words: "Cancelled, September 12, 1928," and making a marginal note thereon, reading as follows: "This judgment after being entered, was returned to Court before docketing, and is now entered under date of September 12, 1928, in Book 689, Page 391. (signed) A. R. Groenke, Chief Judgment Clerk *pro tem.*, September 12, 1928."

On February 26, 1929, a motion was duly noticed, having for its object the correction of the records of the action to speak the truth by expunging therefrom the purported entry of September 12th, and also expunging the attempted cancellation as well as the marginal and other matter purporting to nullify the previous entry of the judgment on September 6th. The application was supported by affidavits and a hearing was had thereon, and thereafter, on March 20, 1929, the court made an order in full accord with the notice, the effect of which was to remove all clouds from around and about said entry of September 6th and to declare it to be the true date of entry of said judgment.

We see nothing whatsoever upon which to question the propriety of this action of the trial court. Manifestly, the judgment was entered September 6th and manifestly also the clerk may not alter the effect of the entry by any act of his own solely in pursuance of his ministerial authority. The loss or destruction of the judgment-book would not alter the effect of the entry of judgment nor the constructive notice which it imparts. (23 R. C. L., p. 268.)

Counsel on both sides have spent much time and energy in presenting us with voluminous briefs, but to us the question is determined by the statute and by well-settled decisions of this court. It may be conceded that if we could say that the action of the court in making the order expunging the purported entry of September 12th was void, we would, in aid of our own jurisdiction, so declare, thereby sustaining these appeals, but certainly the burden rests upon appellants to show wherein such order was invalid, and no such showing is made or attempted. These motions are presented and resisted upon certificates and first and second supplemental certificates made by the clerk of the court. From them it is our conclusion, as above stated, that the court acted properly within its powers, and nothing is shown to in anywise make even questionable its action.

The duty of the clerk to enter the judgment in conformity with the decision of the court is declared in section 664 of the Code of Civil Procedure. The duty to keep a judgment-book and enter therein the judgments rendered is declared in section 668 of said code. The duty to make up and file the judgment-roll is declared in section 670 of said

code. This is to be followed by proper entries in the docket to be kept by said clerk (sec. 671, Code Civ. Proc.). The register of actions and its notations are provided for in section 1052 of the Code of Civil Procedure.

To be effectual the judgment must be entered (Code Civ. Proc., sec. 664; *Schurtz* v. *Romer and Kerkow*, 81 Cal. 244, 247 [22 Pac. 657]). This is the initial point from which rights thereunder respecting appeals arise (*Coon* v. *United Order of Honor*, 76 Cal. 354, 355 [18 Pac. 384]; *Menzies* v. *Watson*, 105 Cal. 109 [38 Pac. 641]; *Estate of Scott*, 124 Cal. 671, 675 [57 Pac. 654]; *Dore* v. *Klumpke*, 140 Cal. 356 [73 Pac. 1064]; *Wood, Curtis & Co.* v. *Missouri etc. Ry. Co.*, 152 Cal. 344 [92 Pac. 868]).

Our jurisdiction to entertain appeals is dependent upon a compliance with the statutory prerequisites (*Lancel* v. *Postlethwaite*, 172 Cal. 326 [156 Pac. 486]; *Estate of Turner*, 139 Cal. 85 [72 Pac. 718]; *Williams* v. *Long*, 130 Cal. 58 [80 Am. St. Rep. 68, 62 Pac. 264]). Section 939 has been liberalized to allow an appeal after rendition and before entry, but an appeal initiated after the prescribed period after entry has lapsed confers no jurisdiction on this court. The clerk exercises ro judicial function and his errors do not extend jurisdiction by indirection or estoppel.

Richards, J., Seawell, J., and Waste, C. J., concurred.

SHENK, J., Dissenting.—I dissent. It is a conceded fact in this case that at the time the appeal was taken the clerk's record showed that the judgment was entered on September 12, 1928. The notice of appeal should therefore be held to have been filed in time. When the proceedings on motion for a new trial were commenced, to wit, on November 10, 1927, and on February 6, 1929, when the notice of appeal was filed, the register of actions contained the following entry: "1928, Sept. 12, Judgment entered, Docketed and Roll filed, Judgment Book 689, page 391." It is not disputed that the judgment was copied at length in judgment-book 689, at page 391, in the form required by law. The motion of the respondents to cause the records to show that the judgment was entered on September 6, 1928, was noticed for March 4, 1929, and

was granted on March 20, 1929, which was long after the time for taking the appeal had expired. In other words, from September 12, 1928, until March 20, 1929, the records of the Superior Court in this action showed that the judgment was entered on September 12, 1928. Until this record was amended it imported absolute verity. (*Hahn* v. *Kelly,* 34 Cal. 391 [94 Am. Dec. 742]; *Bernhard* v. *Wall,* 184 Cal. 612, 621 [194 Pac. 1020].) The official duties of the clerk in keeping the judgment-book and the register of actions are prescribed by sections 668 and 1052 of the Code of Civil Procedure. The presumption of regularity in the performance of those duties attached under subdivision 15 of section 1963 of the same code. This presumption and the face of the records of the clerk of the court are of paramount importance to lawyers and litigants, for they provide the test of jurisdiction of the appellate tribunal and the correctness of the record may not be disputed collaterally. (*City of Los Angeles* v. *Glassell,* 203 Cal. 44, 49 [262 Pac. 1084].) The lawyer, the litigant, and the reviewing court are bound by such a record until it is modified or amended or impeached. The practitioner at the bar ought to be permitted to rely absolutely on such a record.

It may not be disputed that the trial court had the power to entertain and pass upon the respondents' motion to correct the record, but its order in the premises was necessarily without prejudice to the rights of these appellants who had relied on the correctness of the record in the meantime. The order of the trial court was effective either from and after its date of March 20, 1929, when it was made, in which event it did not disturb the rights of the parties already accrued under the statute, or it was in substance a *nunc pro tunc* order effective as of September 6, 1928. If the latter, it falls within the unvarying rule in this state that one of the functions of a *nunc pro tunc* order is to preserve substantial rights and is never used to impair the rights of litigants. (*Osmont* v. *All Persons, etc.,* 165 Cal. 587, 592 [133 Pac. 480], and cases therein cited.)

The question to be decided on this motion to dismiss is one determining the appellate jurisdiction of this court. Its solution depends on the facts presented. The trial court

could not by the entry of the order correcting the records deprive this court of its power on the present motion to determine its own appellate jurisdiction. If no such order had been entered and the motion to dismiss the appeal herein had been made on the ground that the judgment had actually been entered on September 6th and therefore the appeal was too late and the same showing were attempted to be made in this court as was made in the trial court on the motion to correct the record, I hesitate to believe that this court would do the appellants the injustice of dismissing their appeals when they had relied, in taking their appeals, on the unimpeached record of the clerk of the Superior Court. Rather would it be held, I apprehend, that, in the face of the unimpeached record, showing the entry of the judgment on September 12th, the motion to dismiss would be in the nature of a collateral attack upon the record of the trial court and would necessarily have to be denied.

Furthermore, the right of appeal in this case is conferred by the Constitution and statutes, and rules of procedure for its exercise are strictly construed in favor of the party desiring the review. (*Estate of Nelson*, 128 Cal. 242, 245 [60 Pac. 772]; 2 Lewis' Sutherland on Statutory Construction, 2d ed., sec. 545.) The opinion of the majority construes the record strictly against the right of appeal and in my opinion does an injustice to litigants who have diligently and in good faith endeavored to present their cause to this court. Lawyers and litigants are indeed in a precarious position if they may not, in determining when to file notice of appeal, rely on the *prima facie* correct and unimpeached record of the clerk of the Superior Court setting forth the date of the entry of a judgment.

Curtis, J., and Langdon, J., concurred.

Rehearing denied.

Shenk, J., Curtis, J., and Langdon, J., dissented.