DEVINE, J. pro tem.
 
 *
 

 Appellant, William Muller, appeals from an order denying his petition for a writ of certiorari by the superior court. The writ has been sought for the purpose of annulling an order of the municipal court which was entitled an ‘ ‘ Order Concerning Motion for New Trial. ’ ’ That order directs “that all proceedings for a new trial herein be terminated and the Clerk of this Court is ordered not to set any motion of the plaintiff for a new trial in this case for
 
 *158
 
 hearing. ’ ’ The order of the municipal court was based upon the judge’s conclusion that the statutory time within which a new trial might have been granted had expired.
 

 Appellant was plaintiff in the municipal court action. On May 24, 1956, a jury returned a verdict in favor of the defendants. On May 24, 1956, an entry was made in the minute book as follows: “Decision heretofore rendered by verdict of Jury, the Court ordered the following Judgment: It Is Ordered, Adjudged and Decreed that said plaintiff, William Muller, have and recover from said defendant, Lelah Muller and Bert Beber, nothing, said defendants to have cost. I hereby certify this to be the true Judgment in the above action. Catherine Ferraro, Clerk of the Municipal Court. By: Marcy Tost, Deputy.” The register of actions contains this entry, dated May 24, 1956: “Verdict rendered and entered in Minute Book 1 at page 440. . . . m.y. Clerk
 

 ■Counsel fen defendant■ to prepare judgment.” Thus, the word “Clerk” is substituted for “counsel for defendant,” and the correction is initialed, no doubt, by the same deputy clerk. It would seem from the verified petition that the correction was made some months later. There is another entry, relating to costs, dated May 28, 1956, and, following that, another one dated May 24, 1956, reading: “Judgment: Plaintiff recover nothing from defendants Lelah Muller and Bert Beber, defendants to have costs. Judgment entered in Minute Book 1 at page 440. Certified copy of Judgment filed.”
 

 . On July 24, 1956, counsel for defendants served on plaintiff notice of entry of judgment. The notice erroneously stated that the judgment had been entered April 25, 1956, and did not give the correct date of May 24, 1956. On July 30, 1956, Muller filed a notice of intention to move for a new trial. He filed affidavits in support of his motion on August 10, 1956, and on August 13, 1956, and on the latter date he obtained an order extending time to August 29, 1956, within which to file another affidavit. On August 14, 1956, counsel for defendant filed an affidavit and a notice of motion to strike one of the Muller affidavits. No additional affidavits were filed by either side.
 

 It is alleged in appellant’s verified petition for writ of review, and it is nowhere denied, that on or about September 3, 1956, petitioner personally inquired of certain clerks, or deputy clerks, of the municipal court about his motion and requested its setting for hearing, and the clerks replied that
 
 *159
 
 they would have to see the judge about it. On or about October 1, 1956, Muller made further inquiry, and was told by one of the same clerks that she had been waiting for his affidavit, presumably the one he had reserved the right to file, and, after some argument, he ivas told that she, the clerk, would contact the judge.
 

 On October 8, 1956, the judge made an “Order Concerning Motion for New Trial,” reciting that more than 60 days had elapsed since July 30,1956, that plaintiff had not brought on his motion for new trial, that the power of the court to pass upon such motion had expired, that the motion had been denied by operation of law, and directing the clerk not to set any such motion for hearing. A motion was made by Muller to set aside this order, and the motion was denied. Thereupon, certiorari was sought in the superior court and was denied, and from the order of denial this appeal is taken. In denying the writ, the judge, in a written order, stated that the municipal court had lost jurisdiction to pass upon the motion for new trial, and that when it became apparent to petitioner that the clerk was not going to cause such a date to be fixed, it was petitioner's duty to contact the court personally concerning the fixing of such date.
 

 Section 660 of the Code of Civil Procedure, so far as it is applicable to this case, reads as follows: “[T]he power of the court to pass on motion for a new trial shall expire sixty (60) days from and after service on the moving party of written notice of the entry of the judgment, or if such notice has not theretofore been served, then sixty (60) days after filing of the notice of intention to move for a new trial. If such motion is not determined within said period of sixty (60) days, or within said period as thus extended, the effect shall be a denial of the motion without further order of the court. ’ ’
 

 In this case, 60 days had expired from both of the possible starting dates, namely, the service of the notice of entry of judgment on July 24, 1956, and the filing of written notice of intention to move for new trial on July 30, 1956, when the municipal court made the “order concerning motion for new trial” on October 8,1956.
 

 The first point raised by appellant, in his attempt to avoid the operation of section 660 óf the Code of Civil Procedure, is that there has been no valid judgment against him because, he asserts, originally the register of actions read that counsel for defendants was to prepare the judgment, and counsel has not done so; judgment was prepared by the clerk.
 

 
 *160
 
 This argument is without substance, In the first place, the entry of judgment by the clerk was done as directed by law. Section 664 of the Code of Civil Procedure, so far as relevant, provides: “When trial by jury has been had, judgment must be entered by the clerk, in conformity to the verdict within 24 hours after the rendition of the verdict . . . unless the court order the case to be reserved for argument or further consideration, or grant a stay of proceedings,” and section 668 of the Code of Civil Procedure, so far as relevant, provides: “In the municipal court, the clerk, within the time specified in this code, shall enter all civil judgments of such court in the minute-book of such court, and shall certify to a copy thereof, and file said copy in the files of the action, and shall subscribe a condensed statement of the judgment, with the date of entry thereof, on the approximate page in the register of actions. ’ ’ All of these mandates of the law were followed literally. The court had not ordered the case reserved for further argument or consideration, nor had it granted a stay of proceedings. A direction of the court that counsel prepare judgment would have been contrary to the directions of the statute.
 

 Although there was a striking of the words 11 counsel for defendant” and substitution therefor of the word “Clerk” in one entry in the register of actions, the correction that later was made is presumed to have been made regularly, as an official duty, under the provisions of section 1963, subdivision 15 of the Code of Civil Procedure, and to have been done either under the direction of the court or with the court’s ratification.
 

 The court has inherent power to correct at any time a clerical misprision.
 
 (People
 
 v.
 
 A.T.L., Inc.,
 
 150 Cal.App.2d 152 [309 P.2d 552].) This may be done with or without notice to appellant.
 
 (Meyer
 
 v.
 
 Porath,
 
 113 Cal.App.2d 808 [248 P.2d 984],
 
 Estate of Remick,
 
 75 Cal.App.2d 24, 27 [170 P.2d 96].) It may be done even if the judge participated in the clerical error.
 
 (Estate of Goldberg,
 
 10 Cal.2d 709, 715 [76 P.2d 508].)
 

 Finally, it would make no difference who was ordered to “prepare” the judgment. Actually, it was entered by the clerk, as the law directs, and both parties acted upon it, defendants’ counsel by giving notice of entry and plaintiff by moving for new trial.
 

 The next contention made by appellant is that the notice of entry of judgment is void because it recites an in
 
 *161
 
 correct date of such entry. This argument cannot prevail. First, it has been held that a misstatement of date in the notice of entry of judgment is immaterial.
 
 (McCordic
 
 v.
 
 Crawford,
 
 23 Cal.2d 1, 5 [142 P.2d 7] ;
 
 Kahn
 
 v.
 
 Smith,
 
 23 Cal.2d 12, 14 [142 P.2d 13].) The case of
 
 Parr
 
 v.
 
 Swanson,
 
 102 Cal.App.2d 666 [228 P.2d 26], cited by appellant, is distinguishable because in that ease notice of entry of judgment was given prior to the entry of judgment. Second, more than 60 days elapsed, not only from the notice bearing the incorrect date, but also from the later date when appellant noticed his motion for new trial, before the court made its order determining that the motion had been denied by operation of law.
 

 Probably the most serious point made by appellant is the asserted failure of the clerk to call to the judge’s attention the fact that the motion for new trial was ready for argument. The notice of motion is to be deemed the motion for new trial itself under section 659 of the Code of Civil Procedure. Section 661 of the Code of Civil Procedure, relating to motions for new trial, so far as it is relevant to this case, reads as follows: “Upon the expiration of the time to file counter affidavits the clerk forthwith shall call the motion to the attention of the judge who presided at the trial, or the judge acting in his place, as the case may be, and such judge thereupon shall designate the time for oral argument, if any, to be had on said motion. Five (5) days’ notice by mail shall be given of such oral argument, if any, by the clerk to the respective parties.” Whether the clerk called the matter to the judge’s attention does not appear with certainty from the record, although it would seem from the clerk’s reply to Muller’s inquiry on or about October 1, 1956, that she had not done so because she was awaiting an affidavit, and we may assume, for our purposes, that the clerk had failed to call the judge’s attention to the motion. In any event, no time was designated for oral argument, no notice of oral argument was given, no oral argument was had.
 

 Appellant contends that these omissions prevented the closing of the 60-day period. We do not agree. Section 660 of the Code of Civil Procedure says that “the power of the court to pass on motion for a new trial shall expire” at the end of the 60-day period. The words relate to jurisdiction itself. (36 Cal.Jur.2d 367.) No exception whatever is contained in the section.
 

 Nor does section 661 of the Code of Civil Procedure
 
 *162
 
 enlarge the jurisdictional time because of failure of the clerk to call the matter to the judge’s attention. Calling a matter to a judge’s attention is not a function that can be performed solely by a clerk. When appellant had his first conversation with the clerk, he should have known that from either of the starting dates referred to above but few days remained during which the court’s jurisdictional power would exist. He could have become insistent, day by day, with the clerk, or he could have contacted the judge himself, employing then, when the essential time was running out, some of the perseverance and resourcefulness he has shown ever since. Appellant says it was not his “duty” to do so. It was not a duty spelled out by law, but it was a practical necessity.
 

 To hold otherwise would be to write into section 660 of the Code of Civil Procedure an exception to the 60-day period. As was said in
 
 Lane
 
 v.
 
 Pellissier,
 
 208 Cal.590, at 593 [283 P. 810] : “The clerk exercises no judicial function and his errors do not extend jurisdiction by indirection or estoppel. ’ ’
 

 Appellant has argued at some length on the subject of the timeliness of his appeal to the superior court from the judgment of the municipal court. That question 'is not before us, and belongs to the appellate department of the superior court.
 

 The order denying the petition for writ of certiorari is affirmed.
 

 Tobriner, Acting P. J., and Duniway, J., concurred.
 

 *
 

 Assigned by Chairman of Judicial Council.