[Civ. No. 19641.   First Dist., Div. One.   Mar. 2, 1961.]

LELAH REBER et al., Petitioners, v. THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent; WILLIAM MULLER, Real Party in Interest.

Charles Reagh for Petitioners.

No appearance for Respondent.

William Muller, in pro. per., for Real Party in Interest.

DUNIWAY, J.—Petition for a writ of mandate or prohibition to compel dismissal of an appeal from the municipal court or to prevent further proceedings therein. Because the appeal was filed too late, the petition must be granted.

Muller, the real party in interest, was plaintiff in the municipal court. According to the petition, judgment against him was entered on May 24, 1956. On July 30, he filed a notice of motion for a new trial. This was 67 days after entry of judgment. The motion for a new trial was denied by operation of law (Code Civ. Proc., § 660) not later than September 28. On October 11, notice of appeal to the appellate department of respondent court was filed. Subsequently, that court denied a motion to dismiss the appeal.

As a return to the alternative writ, Muller has filed (1) a "motion to quash and dismiss the alternative writ," which is in substance a demurrer to the legal sufficiency of the petition; (2) a demurrer to the petition, and (3) an answer to the petition. The answer admits that the record shows that the judgment was entered on May 24, but denies that it was so entered and alleges that it was not entered until "sometime after May 28, 1956 and on or before July 25, 1956, and at a time very close to or on the 25th day of July, 1960 [*sic*] itself, and entered just immediately preceding the filing of the Notice of Entry of Judgment on July 25, 1960 [*sic*]." It also alleges that notice of entry of judgment was served on July 24, 1956, and filed on July 25, 1956.

█ Muller has also filed a motion for an order that the question as to when the judgment was entered be tried by a jury (Code Civ. Proc., § 1090). We think there is no necessity for such a trial. No genuine factual issue is tendered by the answer. Muller himself brought the record before us in his petition for a writ of certiorari in *Muller* v. *Municipal Court,* 176 Cal.App.2d 156 [1 Cal.Rptr. 207]. As is there clearly shown, judgment was in fact entered on May 24, by the clerk, following the verdict of the jury, pursuant to Code of Civil Procedure, section 664. (Pp. 158-160.) We also there held that the notice of entry of judgment was sufficient. (Pp. 160-161.) But we declined to pass upon the timeliness of the appeal. That question is now properly before us.

█ Even if we assume that the allegations of Muller's answer as to time of entry of judgment are correct, the appeal was filed too late. The time within which the trial court could pass upon Muller's motion for a new trial expired "sixty (60) days from and after service on the moving party of written notice of the entry of the judgment" (Code Civ. Proc., § 660; the 1959 amendment to this section is not here applicable). Sixty days from and after July 24 is September 22. The motion was then denied by operation of law. Notice of appeal was filed more than 60 days after the latest day on which Muller claims the judgment was entered (rule 2(a), Rules on Appeal from Municipal Courts) and more than 15 days after entry, automatic under Code of Civil Procedure, section 660, of the order denying the motion for a new trial (Rule 3 of the same rules). (*Millsap* v. *Hooper,* 34 Cal.2d 192, 194-195 [208 P.2d 982]; *Mellin* v. *Trousdell,* 33 Cal.2d 858 [205 P.2d 1036].)

If, on the other hand, we assume, as we believe we must, that

the judgment was entered on May 24, the result is the same. It would be the same even if we were to disregard the date of service of notice of entry of judgment, so that the last day on which the court could pass on the motion for the new trial would be "sixty (60) days after filing of the notice of intention to move for a new trial" (Code Civ. Proc., § 660), i.e., September 28.

Rule 2 (a), Rules on Appeal from Municipal Courts provides: ". . . a notice of appeal shall be filed . . . not in any event later than 60 days from the date of entry of the judgment, unless the time shall be extended as provided in Rule 3."

Rule 3 provides: "When a valid notice of intention to move for a new trial is . . . *filed* . . . *within the time within which, under Rule 2, a notice of appeal from the judgment may be filed*, . . . the time for filing the notice of appeal . . . is extended for . . . 15 days after . . . entry of the order denying the motion . . ." (Emphasis added.)

▆ Here, the notice of intention to move for a new trial was not filed within the time prescribed in rule 3. Consequently, the time to appeal was not extended, and the appeal was taken too late. (*Chain* v. *Chain*, 119 Cal.App.2d 469 [259 P.2d 454]; *Kientz* v. *Haines*, 117 Cal.App.2d 787 [257 P.2d 41]; *Anderson* v. *Anderson*, 87 Cal.App.2d 327 [197 P.2d 65]; *King* v. *Wilson*, 101 Cal.App.2d 242 [225 P.2d 270]; *Costa* v. *Regents of University of California*, 103 Cal.App.2d 491 [229 P.2d 867].) ▆ The time within which to appeal being jurisdictional, the writ must issue. (*Vogel* v. *City of Millbrae*, 167 Cal.App.2d 403 [334 P.2d 620]; *Estate of Hanley*, 23 Cal. 2d 120 [142 P.2d 423, 149 A.L.R. 1250]; *Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715].)

The motion to quash is denied. The demurrer is overruled. The motion for an order that the question as to the date of entry of the judgment be tried by jury is denied.

Let a peremptory writ of prohibition issue, restraining respondent from taking any steps in the matter other than to dismiss the appeal.

Tobriner, Acting P. J., and Coakley, J. pro tem.,* concurred.

A petition for a rehearing was denied March 17, 1961, and the petition of the real party in interest for a hearing by the Supreme Court was denied April 26, 1961.

*Assigned by Chairman of Judicial Council.