[Crim. No. 6694. In Bank. May 18, 1961.]

In re OSCAR DEL CAMPO on Habeas Corpus.

James A. Clayton, under appointment by the Supreme Court, for Petitioner.

Stanley Mosk, Attorney General, Doris H. Maier and Edsel W. Haws, Deputy Attorneys General, for Respondent.

McCOMB, J.—This is a petition for a writ of habeas corpus.

On July 30, 1958, petitioner was convicted of possessing a narcotic in violation of section 11500 of the Health and Safety Code. If his allegations with respect to the evidence used against him are true and do not omit material facts, his conviction would have been reversed on appeal.

Petitioner alleges that he failed to file a timely notice of appeal because on the day after his conviction David C. Marcus, an attorney employed to represent him, promised to file a notice of appeal but did not do so.

In both civil and criminal cases the time requirements for taking an appeal are mandatory, and appellate courts are without jurisdiction to consider a late appeal. (*Estate of Hanley*, 23 Cal.2d 120, 122 [3] [142 P.2d 423, 149 A.L.R. 1250]; *People* v. *Lewis*, 219 Cal. 410, 413 [1] [27 P.2d 73].)

Likewise, where through inadvertence or mistake of a party or his attorney a notice of appeal is not filed within the time limited by law, neither the trial court nor the appellate court can afford relief thereafter by permitting the filing of a tardy notice. (*People* v. *Lewis, supra*, at 414 [3].)

In the present case petitioner contends that his counsel did not merely make a mistake, but intentionally refrained from filing a notice of appeal after having promised that he would file one, and without notifying petitioner of his decision so that petitioner might institute an appeal himself, as a result of which petitioner was unlawfully deprived of his right of appeal.

Since the People denied petitioner's claim that his counsel had told him he would file a notice of appeal but intentionally

refrained from filing it, a referee (Hon. Edward T. Bishop) was appointed to determine this question: ''Did David C. Marcus promise petitioner Oscar Del Campo to file a timely notice of appeal after petitioner's conviction on July 30, 1958?''

After a hearing, at which evidence was received, the referee found that the answer was ''no'' and that ''at no time did David C. Marcus promise, agree or represent either to the applicant or to any person acting on applicant's behalf that he (Marcus) would file a timely or any notice of appeal after applicant's conviction on July 30, 1958, except that he (Marcus) did undertake to and did file a notice of appeal from the order made on or about January 7, 1959, denying the motion made by Marcus to set aside the judgment of July 30, 1958, made and entered after applicant's conviction on that day.''

Petitioner has filed an exception to the referee's report and finding of fact, in which he argues, in effect, that the finding of the referee is not supported by the evidence.

Although the findings of a referee in a habeas corpus proceeding are not binding on this court, an examination of the transcript of the evidence taken before the referee in the present case and an independent examination of the record leads us to the conclusion that there was credible evidence which amply supports the finding of the referee. (*In re Gonsalves,* 48 Cal.2d 638, 642 [2] [311 P.2d 483].)

The exception to the referee's report is denied. The petition for habeas corpus is denied, and the order to show cause is discharged.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., White, J., and Dooling, J., concurred.