[Civ. No. 12395. Third Dist. Dec. 1, 1969.]

RUBY MILLS, Petitioner, v.
THE SUPERIOR COURT OF SUTTER COUNTY, Respondent;
ROBERT ROOKS et al., Real Parties in Interest.

**COUNSEL**

Powell, Offutt & Coolidge and Stanley A. Coolidge, Jr., for Petitioner.

No appearance for Respondent.

Jack L. Taylor for Real Parties in Interest.

**OPINION**

**JANES, J.**—This petition for a writ of prohibition presents the question whether a defendant's time to appeal to the superior court from an adverse judgment of the small claims court can be extended because the defendant relied upon the erroneous advice of the clerk of the small claims court that the defendant had more time to appeal than was prescribed by the California Rules of Court.

On March 17, 1969, in the Small Claims Court of the Yuba Judicial District, a money judgment was entered against the real parties in interest (hereinafter, "defendants") in an action filed by petitioner herein, as plaintiff.

Section 117j of the Code of Civil Procedure[1] permits a defendant to appeal from a small claims judgment to the superior court, where the action is tried de novo. Section 117j also provides that the practice and procedure on such an appeal "shall be prescribed in rules adopted by the Judicial Council." Rule 152(a) of the California Rules of Court provides that a small claims appeal "is taken by filing with the clerk of the trial court a notice of appeal [accompanied by an appeal bond or cash deposit] . . .

---

[1] All section references are to the Code of Civil Procedure.

within *20 days* after entry of judgment. . . ." (Italics ours.) (See, §§ 117*l*, 117*ll*.)

On at least two occasions during the 20-day period after judgment was entered against them, defendants were advised by the clerk of the small claims court that they had *30 days* from the date of judgment within which to file their appeal.[2] Relying upon the clerk's advice, defendants did not learn it was erroneous until they consulted an attorney shortly after the 20 days had expired. The attorney filed their notice of appeal on April 11, 1969, which was 25 days after entry of the small claims judgment. Defendants' notice was accompanied by a cash deposit in lieu of appeal bond.

Petitioner thereafter filed in respondent superior court a written objection to the appeal on the ground it was not timely. By letter from their attorney, defendants then requested respondent court to allow their appeal because of their reliance on the clerk's advice. On July 24, 1969, the superior court entered a minute order permitting the appeal.[3] Petitioner then sought prohibition from this court. We issued an order to show cause and temporarily stayed further proceedings in the superior court.[4]

■ As a general rule, "[i]n both civil and criminal cases the time

[2]The attachments to defendants' answer to the petition herein disclose that the clerk of the small claims court was using an out-dated procedure manual which specified a period of 30 days within which a defendant could appeal from a judgment of the small claims court. (The 30-day period, originally provided in section 117j, was deleted effective July 1, 1964, when there was transferred to the Judicial Council the authority to prescribe the practice and procedure on appeal, including the time and manner in which the record shall be prepared and filed. Thereupon rule 152(a) was adopted by the Judicial Council, effective July 1, 1964, pursuant to the authority contained in section 1, article VI, California Constitution, and Code of Civil Procedure, sections 117j and 988j.)

[3]Although defendants invoked Code of Civil Procedure section 473 in requesting respondent court to allow their appeal, their own default in timely filing notice of appeal was not a "proceeding taken against" them within the meaning of section 473. (Cf. *Union Collection Co.* v. *Oliver* (1912) 162 Cal. 755, 758 [124 P. 435].) Consequently, respondent's authority to make the order was not derived from that code section but rather was inherent in the court's jurisdiction to determine its own jurisdiction. (See, 1 Witkin, Cal. Procedure (1954) Jurisdiction, §§ 152-153, pp. 417-419.)

[4]Defendants' verified answer to the petition for prohibition alleges the above facts concerning the clerk's advice, and it avers, in effect, that the same facts were brought to the attention of respondent superior court by the letter from defendants' attorney requesting the court's "informal determination . . . that . . . the appeal should be allowed. . . ." Petitioner does not suggest either that such advice was not given by the clerk or that defendants' reliance upon that advice was not the basis for respondent's order permitting the appeal. Moreover, in the absence of any record of the superior court hearing, we must assume that the facts were established to support that order. (See, *Wessel* v. *Superior Court* (1918) 177 Cal. 308, 311-312 [170 P. 606]; *Tomlinson* v. *Superior Court* (1944) 66 Cal.App.2d 640, 644 [152 P.2d 517]; *Frey* v. *Superior Court* (1913) 22 Cal.App. 421, 424 [134 P. 733].)

requirements for taking an appeal are mandatory, and appellate courts are without jurisdiction to consider a late appeal." (*In re Del Campo* (1961) 55 Cal.2d 816 [13 Cal.Rptr. 192, 361 P.2d 912].) Whether the time limits are prescribed (as formerly) by statute, or (as now) by court rule, the jurisdictional bar has been applied in civil cases not only to appeals from orders or judgments of the superior court (e.g., *Estate of Hanley* (1943) 23 Cal.2d 120 [142 P.2d 423, 149 A.L.R. 1250]; *Schisler* v. *Mitchell* (1959) 174 Cal.App.2d 27 [344 P.2d 61]) but also to appeals taken from municipal court judgments to the appellate department of the superior court (*Reber* v. *Superior Court* (1961) 189 Cal.App.2d 622 [11 Cal.Rptr. 534]; *Cannon* v. *Goble* (1955) 132 Cal.App.2d Supp. 916 [283 P.2d 390]).

No reported case has been found on the question whether the late filing of an appeal from a small claims judgment deprives the superior court of jurisdiction to try the matter anew. (But see, *Simmons* v. *Superior Court* (1959) 52 Cal.2d 373, 377 [341 P.2d 13], and cases there cited.) ■ However, guided by the rule which governs appeals taken to the appellate department of the superior court and to higher courts, we hold that the time within which to appeal a small claims judgment (rule 152(a), *supra*) is likewise jurisdictional. The question remains: Can such jurisdictional time *be extended* by a defendant's reliance on the small claims clerk's mistaken advice as to its duration?

In *Estate of Hanley,* a 1943 decision (*supra*, 23 Cal.2d 120), the Supreme Court dismissed an appeal from the superior court and stated the broad proposition that, "[i]n the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal . . ., even to relieve against mistake, inadvertence, accident, or misfortune. . . . Nor can jurisdiction be conferred upon the appellate court by the consent or stipulation of the parties, estoppel, or waiver." (*Id.,* p. 123.) The court noted that "of particular importance is the fact that the security of rights of contract, titles to property, and the status of persons rest upon certainty in the finality of judgments occasioned by the lapse of the statutory time for the taking of an appeal." (*Id.,* pp. 123-124.) ■ Obviously, "certainty in the finality of judgments" is equally important in small claims court litigation, for "such a court was established in order to offer a means of obtaining speedy settlement of claims of small amounts" (*Sanderson* v. *Niemann* (1941) 17 Cal.2d 563, 573 [110 P.2d 1025]).

Similar insistence upon compliance with the statutory time for appeal was expressed in *Lane* v. *Pellissier*, a 1929 decision (208 Cal. 590 [283 P. 810]). There, having observed that "[t]he clerk exercises no judicial function," a divided court held 4 to 3 that the superior court clerk's error in canceling the original entry of judgment and reentering it six days late did

not extend appellate jurisdiction "by indirection or estoppel." (*Id.*, p. 593.) According to one law review commentator, the *Lane* holding stands almost by itself since "[i]n nearly every [other] jurisdiction in which the question has arisen, late appeals have . . . been heard where the delay was caused by the error, negligence or misconduct of a court official." (Comment, *Late Appeals in California*, 36 Cal. L. Rev. 303, 305 (1948), citing out-of-state cases; see also, 4 Am.Jur.2d, Appeal and Error, § 298, p. 787.) *Lane* was cited as controlling in *Muller* v. *Municipal Court* (1959) 176 Cal.App.2d 156 [1 Cal.Rptr. 207], where the clerk apparently failed to inform the municipal court judge that a motion for new trial was ready for argument, and the trial court later ruled that its statutory jurisdiction to pass on the motion had expired. Affirming the superior court's denial of certiorari, *Muller* held that the clerk's error did not enlarge the trial court's jurisdictional time.[5]

*Hanley, Lane,* and *Muller, supra,* did not involve judgments of the small claims court. The strict views expressed in *Hanley* and *Lane* were stated on appeals from an order or judgment of the superior court. In *Muller,* the petition for certiorari attacked an order made by a municipal court judge sitting as such, not one made by "a municipal court judge sitting as a small claims court" (§ 117). These distinctions are critical.

In the prosecution or defense of litigation in the small claims court, the parties are prohibited by statute from being represented by counsel. (§ 117g.) As a result, the small claims clerk or the judge if there be no clerk—is cast in the limited role of quasi-attorney. Upon request of the plaintiff (i.e., "claimant"), the clerk is statutorily commanded to draft for him the affidavit which serves as a complaint. The clerk, and not the plaintiff, serves that affidavit upon the defendant. (§ 117c.) If the defendant has a counterclaim, the clerk provides him with a form upon which he may assert it by filling in blanks. (§§ 117h, 117o.) Since it is not contemplated that small claims litigants will have incurred the expense of consulting an attorney beforehand (see, *Hughes* v. *Municipal Court* (1926) 200 Cal. 215, 218 [252 P. 575]; *Leuschen* v. *Small Claims Court* (1923) 191 Cal. 133, 137-138 [215 P. 391]), the parties may reasonably be expected to look to the clerk for advice concerning such matters as jurisdiction, venue, the permissibility of asserting a particular counterclaim, enforcement of the judgment by execution, and the time limit within which the defendant may appeal. (See, §§ 117, 117h, 117ha, 117j.) Indeed, the widely used "Manual of Procedures in Small Claims Cases," an official publication of The Association of Municipal Court Clerks of California,

---

[5]The timeliness of the appeal to the superior court from the judgment of the municipal court was not at issue in *Muller*.

Inc., expressly suggests that "[i]f the defendant desires to appeal, the [small claims] clerk should inform him that he must . . . [f]ile Notice of Appeal . . . within 20 days after the date of the entry of the judgment. . . ." (1966 ed., p. 35.)

To an extent not duplicated in courts of higher jurisdiction, the statutory plan for small claims courts promotes reliance by litigants upon the clerk's advice. In that circumstance, it would be manifestly unjust for us to hold that defendants' time to appeal was not extended by their reliance on the clerk's faulty information. Moreover, recent decisions of the state Supreme Court cast doubt on whether *Estate of Hanley, supra,* 23 Cal.2d 120, and *Lane* v. *Pellissier, supra,* 208 Cal. 590, are controlling today where clerical error has misrepresented the time to appeal even a superior court judgment. In *People* v. *Martin* (1963) 60 Cal.2d 615 [35 Cal.Rptr. 769, 387 P.2d 585], a motion to dismiss a late appeal was denied where "the course of action adopted by the [trial] court misled defendant into delaying his appeal." (*Id.,* p. 619.) The criminal appeal involved in the *Martin* case was described as presenting an "analogous situation" in *Slawinski* v. *Mocettini* (1965) 63 Cal.2d 70 [45 Cal.Rptr. 15, 403 P.2d 143], where the Supreme Court extended the plaintiffs' time to file a civil appeal by holding that, absent any evidence that plaintiffs should have known of the discrepancy, their appeal time began to run from the entry date shown in the copy and notice of a formal order which defense counsel had prepared and served upon them, rather than from the date three days earlier when a statutorily effective order was entered in the clerk's minutes. In substance, plaintiffs' time to appeal in *Slawinski* was extended because the defendants there were estopped to contend the contrary. (See Witkin, Cal. Procedure (1967 Supp.), Appeal, § 124B, pp. 965-966.)

Finally, we note that the California Rules of Court governing appeals in small claims cases (rule 151 et seq.) contain no rule like rules 45(c) and 138(c), both of which prohibit the reviewing court from extending the time for filing a notice of appeal. Nor are small claims appeals the subject of any rule similar to rules 45(e) and 143(b), both of which provide that "[t]he reviewing court for good cause may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal." Indeed, the decisions in *People* v. *Martin, supra,* 60 Cal.2d 615, and *Slawinski* v. *Mocettini, supra,* 63 Cal.2d 70, were reached even though rules 45(c) and 45(e) applied to those appeals.[6]

[6]*People* v. *Martin, supra,* mentions rule 31(a) of the California Rules of Court, as amended in 1961, which gives reviewing courts power to relieve a defendant from his failure to file timely notice of appeal in a criminal case. However, *Martin* did not involve such a proceeding, and the Supreme Court did not base its decision there on the power conferred by rule 31(a). *Slawinski* v. *Mocettini, supra,* points out that decisions similar to *Martin* were handed down even before the 1961 amendment.

The order to show cause is discharged; the temporary stay order which issued herein is terminated; and the petition for a writ of prohibition is denied.

Friedman, Acting P. J., and Regan, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied January 28, 1970. McComb, J., was of the opinion that the petition should be granted.