[Civ. No. 27264. First Dist., Div. One. Mar. 10, 1971.]

NU-WAY ASSOCIATES, INC., Plaintiff and Respondent, v.
EDWARD KEEFE, Defendant and Appellant.

## COUNSEL

Quantz & Tanner, Quantz & Howard and Charles J. Quantz for Defendant and Appellant.

John F. Jackson for Plaintiff and Respondent.

## OPINION

**ELKINGTON, J.**—Defendant Edward Keefe appeals from a judgment in favor of plaintiff Nu-Way Associates, Inc.

Keefe's contentions are: (1) the trial court's finding that defendant was a third party beneficiary of a certain contract was unsupported by substantial evidence, (2) the damages were excessive, and (3) the court erred in certain rulings on the admission of evidence. Our examination of the record and pertinent law has indicated each of these contentions to be without merit.

But in our perusal of the record we further find that Keefe's notice of appeal from the judgment was not timely, and that his appeal must therefore be dismissed.

The record of the superior court establishes the following. The judgment under appeal was entered January 9, 1969. On January 10, 1969, the clerk mailed notice of entry of the judgment to the attorneys for Keefe. The notice of appeal was filed on Friday, March 12, 1969, *sixty-one* days after mailing of the notice of entry of judgment. The sixtieth day, March 11, was of course not a holiday.

Rule 2 of California Rules of Court, as pertinent here, provides that "notice of appeal shall be filed within 60 days after the date of mailing notice of entry of judgment by the clerk. . . ."

Rule 45(a) states: "The time for doing any act required or permitted under these rules shall be computed and extended in the manner provided by the Code of Civil Procedure." Section 12 of that code provides: "The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then it is also excluded." (See *O'Donnell* v. *City & County of S.F.,* 147 Cal.App.2d 63, 66-67 [304 P.2d 852].)

In civil cases the time requirements for taking an appeal are mandatory, and appellate courts are without jurisdiction to consider late appeals. (*In re Del Campo,* 55 Cal.2d 816, 817 [13 Cal.Rptr. 192, 361 P.2d 912]; *Mills* v. *Superior Court,* 2 Cal.App.3d 214, 216-217 [82 Cal.Rptr. 469].) Jurisdiction to entertain such a late appeal cannot be conferred "by the consent or stipulation of the parties, estoppel, or waiver." (*Estate of Hanley,* 23 Cal.2d 120, 123 [142 P.2d 423, 149 A.L.R. 1250]; *Mills* v. *Superior Court, supra,* 2 Cal.App.3d 214, 217.) The rule is applicable even though notice of appeal is filed but one day late. (See *Deward* v. *La Rue,* 235 Cal. App.2d 59, 61 [44 Cal.Rptr. 886]; *Taliaferro* v. *Davis,* 217 Cal.App.2d 215, 216 [31 Cal.Rptr. 693]; *County of Los Angeles* v. *Jamison,* 189 Cal. App.2d 267, 269 [11 Cal.Rptr. 309]; *O'Donnell* v. *City & County of S.F., supra,* 147 Cal.App.2d 63, 66-67.) ■ The provisions of Code of Civil Procedure section 1013 that "in case of service by mail," the "service is complete at the time of the deposit" in the mail, has no application to a notice of appeal. (See *People* v. *Slobodion,* 30 Cal.2d 362, 367 [181 P.2d 868]; see also *McDonald* v. *Lee,* 132 Cal. 252, 253 [64 P. 250]; *Estes* v. *Chimes,* 40 Cal.App.2d 41, 42 [104 P.2d 74].) ■ Nor are the provisions of Evidence Code section 641, "A letter correctly addressed and properly mailed is presumed to have been received in the ordinary course of mail," of assistance to Keefe. They do not reasonably create the presumption, contended by him, that his notice of appeal allegedly mailed March 10, 1969, was in fact received and filed by the clerk on the next succeeding business day, March 11.

■ Where a notice of appeal is untimely the appellate court on its own

motion must dismiss the appeal. (See *Stromer* v. *Browning,* 268 Cal. App.2d 513, 515 [74 Cal.Rptr. 155]; *Taliaferro* v. *Davis, supra,* 217 Cal.App.2d 215, 216.)

The appeal is dismissed.

Molinari, P. J., and Sims, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 6, 1971. Peters, J., was of the opinion that the petition should be granted.