[Civ. No. 29969. First Dist., Div. Four. Dec. 3, 1971.]

THOMPSON, CURTIS, LAWSON AND PARRISH,
Plaintiff and Respondent, v.
JACQUELINE THORNE, Defendant and Appellant.

## COUNSEL

John E. Thorne and Thorne, Clopton, Herz & Stanek for Defendant and Appellant.

Thompson, Curtis, Lawson & Parrish and John W. Thompson, Jr., in pro. per., for Plaintiff and Respondent.

## OPINION

**RATTIGAN, J.**—This cause originated when plaintiff (a law firm) filed an action against defendant Jacqueline Thorne in the Municipal Court for the Sunnyvale-Cupertino Judicial District of Santa Clara County. Plaintiff recovered judgment, whereupon defendant purportedly appealed to the Santa Clara County Superior Court (hereinafter the "superior court"). Plaintiff subsequently moved the superior court for dismissal of the appeal. The court granted the motion, by order stated in a written opinion. Defendant petitioned the court for a rehearing and, pursuant to rule 63(b), requested certification to the Court of Appeal. The superior court denied a rehearing but, granting the request, certified the cause to this court pursuant to rule 63(a). We ordered the cause transferred pursuant to rule 62(a).[1] By

---

[1] All "Rule" references herein are to the California Rules of Court. Those cited in the here-footnoted paragraph of the text read in pertinent part as follows:

Rule 62(a): "A Court of Appeal may order a case transferred to it for hearing and decision when the superior court certifies . . . that such transfer appears necessary to secure uniformity of decision or to settle important questions of law."

Rule 63(a): "The superior court on application of a party or on its own motion may certify that the transfer of a case to the Court of Appeal appears necessary to secure uniformity of decision or to settle important questions of law."

Rule 63(b): "Any party may apply to the superior court for the certification of a case after judgment in that court."

reason of this sequence, the merits of respondent's[2] motion to dismiss are before us; the merits of the appeal are not.

The pertinent facts are stated in the superior court's opinion. As we have concluded that the opinion correctly disposed of the merits of respondent's motion to dismiss, we adopt its substance[3] as follows:

The municipal court judgment was entered, and notice of its entry was mailed, on October 28, 1970. On November 4, 1970, appellant filed a timely notice of intention to move for a new trial. Her motion was denied by order of the municipal court entered on November 27, 1970. As provided in rule 123(a),[4] appellant had 15 days, after the entry of the November 27 order, within which to file a notice of appeal: i.e., until December 14, 1970. (Code Civ. Proc., §§ 12, 12a.) Her notice of appeal was filed with the municipal court clerk, under the circumstances hereinafter stated relative to its mailing, on December 15, 1970.

On February 26, 1971, respondent moved to dismiss the appeal upon the ground that the superior court lacked jurisdiction because of the late filing of the notice. Appellant opposed the motion upon the grounds (1) that she had mailed the notice of appeal, from her attorneys' office in San Jose to the municipal court clerk's office in Sunnyvale (a distance of 12 miles) on December 10, 1970, and was justified in believing that it would be received at the Sunnyvale address within the ensuing four days; and (2) that respondent should be held estopped from objecting to the late

---

[2]The certification and transfer operated to place the parties before this court in the same postures they respectively occupied on the appeal in the superior court. Hereinafter, therefore, we refer to defendant as "appellant," to plaintiff as "respondent."

[3]Because minor revisions and a few deletions have been required by the editorial practices of this court, we do not directly quote the superior court's opinion. The text hereof next appearing, however, follows the opinion closely. It was originally written by Judge Stanley R. Evans with the concurrence of Judges Peter Anello and Homer B. Thompson, all of the appellate department of the Santa Clara County Superior Court.

[4]Rule 123(a), one of the "Rules On Appeal To The Superior Court," reads as follows: "When a valid notice of intention to move for a new trial is served and filed by any party within the time in which, under rule 122, a notice of appeal may be filed, *and* the motion is denied, the time for filing the notice of appeal from the judgment is extended for all parties until 15 days after either entry of the order denying the motion or denial thereof by operation of law, but in no event may such notice of appeal be filed later than 90 days after the date of entry of the judgment whether or not the motion for new trial has been determined."

As pertinent here, rule 122 provides: "Except as otherwise specially provided by law, a notice of appeal shall be filed within 30 days after the date of mailing notice of entry of judgment by the clerk of the court . . . or within 90 days after the date of entry of judgment, whichever is . . . [earlier] . . . unless the time is extended as provided in rule 123."

filing because it (respondent) delayed its motion to dismiss for a period of more than two months and appellant had meanwhile incurred the expense of filing fees and transcript preparation.

## The Delayed Filing Of Notice By Mail

Appellant's first point must be rejected. The filing of a document with a court clerk consists of (1) its *delivery* to the clerk, (2) for the purpose of filing it, (3) at the clerk's office, (4) during business hours, and (5) with payment of any required filing fee. (See *W. J. White Co.* v. *Winton* (1919) 41 Cal.App. 693, 695 [183 P. 277].) Where the filing is effectuated through mailing, it is complete when the document is delivered to the clerk by the postal service, not when it is deposited in the mail; the provisions of Code of Civil Procedure section 1013 (relative to service by mail) and of Evidence Code section 641 (establishing the presumption that a mailed document has been received) have no application to the filing of a notice of appeal. (*Nu-Way Associates, Inc.* v. *Keefe* (1971) 15 Cal.App.3d 926, 928 [93 Cal.Rptr. 614].)

## *Estoppel*

Appellant also contends that the late filing of a notice of appeal is no longer jurisdictional, and may be cured by a showing of facts establishing an estoppel or other compelling excuse. We are not persuaded that the authorities cited by appellant, and hereinafter discussed, have made such sweeping inroads into the traditional jurisdictional view that a notice of appeal must be filed within the time prescribed by law. Moreover, and even assuming that an estoppel may form the basis for an exception to the jurisdictional rule, appellant has not shown facts which would support such exception in the present case.

The traditional view that the time requirements for taking an appeal are mandatory and jurisdictional is set forth as follows in *Estate of Hanley* (1943) 23 Cal.2d 120 (pp. 123-124 [142 P.2d 423, 149 A.L.R. 1250]): "In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal [citation], even to relieve against mistake, inadvertence, accident, or misfortune [citations]. *Nor can jurisdiction be conferred upon the appellate court by the consent or stipulation of the parties, estoppel, or waiver.* [Citations.] . . . . [Italics added.]

"In strictly adhering to the statutory time for filing a notice of appeal, the courts are not arbitrarily penalizing procedural missteps. Relief may be given for excusable delay in complying with many provisions in the

statutes and rules on appeal, such as those governing the time within which the record and briefs must be prepared and filed. These procedural times provisions, however, become effective *after* the appeal is taken. The first step, taking of the appeal, is not merely a procedural one; it vests jurisdiction in the appellate court and terminates the jurisdiction of the lower court. And of particular importance is the fact that the security of rights of contract, titles to property, and the status of persons rest upon certainty in the finality of judgments occasioned by the lapse of the statutory time for the taking of an appeal." (Italics in the original.)

Although this view is still cited with approval (*Nu-Way Associates, Inc.* v. *Keefe, supra,* 15 Cal.App.3d 926, at p. 928), various decisions have cast doubt upon some dimensions of its current validity. These cases emphasize another—but not necessarily conflicting—policy consideration: i.e., that doubtful cases should be resolved in favor of the right of appeal. As cited by appellant, such decisions reflect "doubtful" cases within the meaning of the policy just mentioned, but in most of them the "doubt" had nothing to do with estoppel. *Deward* v. *La Rue* (1965) 235 Cal.App.2d 59 [44 Cal.Rptr. 886], and *Vibert* v. *Berger* (1966) 64 Cal.2d 65 [48 Cal. Rptr. 886, 410 P.2d 390], involved misdescriptions in notices of appeal which had originally been filed on time; noting that the misdescriptions caused no prejudice to the respondents, the respective courts held the original notices adequate despite the untimeliness of later ones. In *Mills* v. *Superior Court* (1969) 2 Cal.App.3d 214 [82 Cal.Rptr. 469], an appeal from a small claims court judgment was untimely by reason of misinformation provided by the clerk; the *Mills* decision, permitting the appeal despite the untimely notice, is based upon the peculiar position of the small claims court clerk in relationship to parties precluded from consulting attorneys. (*Id.,* at p. 219.)

Only two of the "doubtful case" decisions involved elements of estoppel. In one (*Slawinski* v. *Mocettini* (1965) 63 Cal.2d 70 [45 Cal.Rptr. 15, 403 P.2d 143]), the respondent's counsel prepared a formal order denying a motion for new trial, and notice thereof. These papers erroneously indicated entry of the order three days later than was in fact the case. The appellant's reliance on the faulty notice of entry, as given by respondent, caused the notice of appeal to be filed three days late; no circumstances had indicated to appellant that the instruments might have been faulty. The court held that appellant was entitled to rely upon the notice as given, and was not required to search the permanent minutes of the clerk for an earlier minute entry. (*Id.,* at p. 72.)

In the second case involving elements of estoppel (*In re Morrow* (1970) 9 Cal.App.3d 39 [88 Cal.Rptr. 142]), the element of "doubt" involved

construction of Civil Code section 238 as to whether or not the appellant had the right to move for a new trial in an adoption proceeding. Apparently unaware that such motion might not have been proper, she made it. The motion was set, heard and denied, with no objection from the respondents. If the appellant had had the right to move for a new trial, her notice of appeal was timely under rule 3(a); if she had no such right, the notice was not timely under rule 2(a). Respondents did not move to dismiss her appeal, but raised the jurisdictional question for the first time in their reply brief. The appellate court held that "[I]t is sufficient to determine that . . . [respondents], having failed to raise the point before, are now estopped to urge a construction of Civil Code section 238 which would preclude this appeal." (*In re Morrow, supra,* at p. 46.)

■ Generally, estoppel in pais includes the following elements: (1) a representation or concealment of material facts (2) with knowledge, actual or virtual, of the facts (3) to a party ignorant, actually and permissibly, of the truth (4) with the intention, actual or virtual, that the latter act upon it; and (5) reliance by the latter party. (4 Witkin, Summary of Cal. Law (7th ed. 1960) Equity, § 94, p. 2871.) All of these elements were arguably present in the *Slawinski* case (*Slawinski* v. *Mocettini, supra,* 63 Cal.2d 70), while in *Morrow* (*In re Morrow, supra,* 9 Cal.App.3d 39) the elements of the knowledge and intention of the respondents were not established. Thus, the *Morrow* holding represents the most significant departure from the strict jurisdictional view. Although the holding is expressed in language of estoppel, not all of the above-mentioned elements of an estoppel were present. Moreover, the *Morrow* court apparently considered circumstances occurring *after* the filing of the notice of appeal; such circumstances are not relevant to the concept of estoppel as an excuse for late filing.

■ From the foregoing, we may infer the following "quasi-estoppel" exception to the jurisdictional view: An appellate court may grant relief from the late filing of a notice of appeal, in a civil case, if the appellant establishes (1) that he was justifiably in doubt regarding the time within which the notice was required to be filed; and (2) that this doubt was caused by his reliance upon some conduct by the respondent, *at least some part of which occurred prior to the filing of the notice.* ■ The present appellant has not brought herself within this exception. She has not established the existence of any doubt regarding the applicable time limit, nor has she shown any conduct by respondent occurring prior to the filing. The single circumstance that respondent may have delayed longer than necessary, in raising the issue, is not in itself sufficient to justify an exception to the jurisdictional rule in the present case.

The appeal to the superior court is dismissed. Respondent shall recover costs incurred on that appeal and in this court.

Devine, P. J., and Salsman, J.,* concurred.

A petition for a rehearing was denied December 28, 1971, and appellant's petition for a hearing by the Supreme Court was denied January 26, 1972.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.