[Civ. No. 17299. Third Dist. June 2, 1978.]

DONALD FAWN, Plaintiff and Appellant, v.
HOLIDAY INVESTMENT CORPORATION,
Defendant and Respondent.

**COUNSEL**

Edgar F. Hazleton for Plaintiff and Appellant.

Kennedy & Kennedy and John G. Camphouse for Defendant and Respondent.

**OPINION**

**PUGLIA, P. J.**—This is a motion to dismiss plaintiff's appeal from judgment for defendant entered April 20, 1977. The action was on a contract, for breach of warranty and for negligence. Plaintiff filed his first notice of appeal on June 17, 1977. It was served by mail on defendant June 13. On August 16, plaintiff's attorney filed an abandonment of the appeal (Cal. Rules of Court, rule 19(a)) together with a notice of intent to move for new trial. On September 30, the trial court dismissed the new trial motion as untimely. Plaintiff filed a second notice of appeal from the judgment on October 14.

Under rule 4(a), plaintiff has 10 days after filing his notice of appeal to designate the record. No designation had been filed prior to February 7,

1978, and on that date plaintiff was advised by the Mono County Clerk of his default. He moved this court for relief from default, alleging excusable neglect. Defendant filed written opposition to the motion. We relieved plaintiff of the default on March 9, 1978.

On March 13, 1978, defendant moved to dismiss this appeal on the ground the notice of appeal was not timely filed. A declaration of service filed with the motion indicated service by mail on plaintiff's attorney on March 9.

Rule 2, California Rules of Court, prescribes the time for filing a notice of appeal: "[N]otice of appeal shall be filed within 60 days after the date of mailing notice of entry of judgment by the clerk of the court pursuant to Section 664.5 of the Code of Civil Procedure, or within 60 days after the date of service of written notice of entry of judgment by any party upon the party filing the notice of appeal, or within 180 days after the date of entry of the judgment, whichever is earliest, . . ."

The record before this court does not conclusively demonstrate that the clerk of the superior court mailed notice of entry of judgment to the parties. Accordingly, in its motion, defendant contends that the purpose of rule 2, to assure that time within which to appeal does not start to run until the losing party has notice of an adverse judgment, has been fulfilled because plaintiff's notice of appeal of June 17, 1977 (which was later abandoned), correctly recited the fact and date of entry of judgment together with the correct judgment book and page.

The time period within which the appeal is taken "is not merely a procedural one; it vests jurisdiction in the appellate court and terminates the jurisdiction of the lower court. And of particular importance is the fact that the security of rights of contract, titles to property, and the status of persons rest upon certainty in the finality of judgments occasioned by the lapse of the statutory time for the taking of an appeal." (*Estate of Hanley* (1943) 23 Cal.2d 120, 123-124 [142 P.2d 423, 149 A.L.R. 1250]; see *Mills* v. *Superior Court* (1969) 2 Cal.App.3d 214, 217 [82 Cal.Rptr. 469].)

The obvious purpose of the time period within which an appeal may be taken is to allow opportunity for informed action while accommodating the policy of placing reasonable limits on the continuation of litigation. The notice of appeal filed June 17 demonstrates that plaintiff was informed of the judgment against him; thus, we assume that, at least by that time he had the opportunity to evaluate the desirability of an appeal.

■ "When a written notice is prepared by one party and signed by him and is served on the other party and the service is admitted in writing it is but reasonable to look on the document as a written notice to both parties. As the law does not require the performance of idle acts no good reason appears for construing the statute as requiring each party to serve on the other party a formal written notice in order to cut out delays in litigation." (*Isleton Canning Co.* v. *Superior Court* (1930) 104 Cal.App. 687, 689 [286 P. 447].)

Applying the rule just stated to the instant facts, plaintiff's first notice of appeal, served and filed June 13 and June 17 respectively constituted notice to plaintiff of the entry of the April 20 judgment. The 60-day period within which to file a notice of appeal therefore began to run no later than June 13. Thus plaintiff's time in which to file notice of appeal expired on August 12, 1977. The second notice of appeal, filed October 14, was untimely and the appeal must therefore be dismissed. (*In re Del Campo* (1961) 55 Cal.2d 816, 817 [13 Cal.Rptr. 192, 361 P.2d 912].)

Defendant's motion is granted and the appeal is dismissed.

Regan, J., and Paras, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 27, 1978.