[No. B015119. Second Dist., Div. Five. May 14, 1986.]

STUART WHITMAN, INC., Plaintiff and Respondent, v.
THOMAS R. CATALDO et al., Defendants and Appellants.

**COUNSEL**

Potter, Shanley & Shanley and Barry E. Shanley for Defendants and Appellants.

Maurice L. Muehle for Plaintiff and Respondent.

**OPINION**

**ROWEN, J.**\*—This is an appeal from an order of the trial court granting plaintiff (respondent herein) its motion for summary judgment against defendants (appellants herein) because of the defendants' failure to appear at properly noticed pretrial deposition discovery proceedings.

The issues before this court relate (1) to the timeliness of the filing of the notice of appeal, and therefore to this court's jurisdiction in the matter, and (2) to the propriety of the trial court's order striking appellants' answer

---

\*Assigned by the Chairperson of the Judicial Council.

and entering default judgment for respondent because of appellants' willful failure to appear for deposition.

We find that appellants' notice of appeal was not filed timely. This court is, therefore, without jurisdiction in the matter and the appeal must be dismissed.

Appellants are husband and wife. Judgment in an earlier action had been entered in favor of respondent and against appellant husband (hereafter Thomas). Subsequent thereto, Thomas attempted to convey his interest in certain real property to his wife (hereafter Kay), coappellant, by quitclaim deed. This action was then initiated by respondent, alleging a fraudulent conveyance of real property and seeking to have such conveyance set aside in order to satisfy the judgment in the original action.

Approximately two years after appellants appeared in the instant action, respondent noticed their depositions. This was the first time Thomas's deposition had been noticed. Kay's deposition had previously been noticed (approximately one and one-half years prior thereto) and continued four separate times. Finally, it had been postponed by mutual agreement until Kay's "health improved sufficiently to enable her to testify at her deposition." The appellants' deposition dates for the matters in issue before this court were noticed after telephone discussions were had between the parties' respective attorneys and convenient dates for those purposes were agreed upon.

At approximately 4 p.m. of the afternoon preceding Kay's scheduled deposition, appellants' attorney telephoned and informed respondent's attorney that his clients, Kay and Thomas, would not appear for their scheduled depositions. Further, appellants' attorney would not agree to another date on which his clients' depositions could go forward. Based upon those representations, respondent's attorney advised appellants' attorney that the court reporter who was scheduled to report the depositions would be called off. No objection was voiced or demand made to insist that the court reporter appear at the scheduled deposition proceeding to report appellants' nonappearance in order to preserve respondent's rights.

Appellants failed to appear at their respective noticed deposition proceedings and, immediately thereafter, respondent moved the trial court for an order to strike appellants' answer, and enter default judgment because of appellants' willful failure to appear for deposition proceedings, pursuant to section 2034, subdivision (d) of the Code of Civil Procedure.

Code of Civil Procedure section 2034, subdivision (d) states, in pertinent part: "If a party or a person for whose immediate benefit the action or proceeding is prosecuted or defended . . . willfully fails to appear before the officer who is to take his deposition, after the party or his attorney has been served with a proper notice in accordance with the provisions of paragraph (4) of subdivision (a) of Section 2019, . . . the court on motion and notice may strike out all or any part of any pleading of that party, . . . or enter a judgment by default against that party, . . ."

On October 4, 1984, after hearing argument of counsel, the trial court granted respondent's motion striking appellants' answer and entering appellants' default judgment. Within two weeks thereafter, on October 17, 1984, appellants' trial attorney, alleging inability to communicate with his clients, was granted permission to withdraw as appellants' attorney. As required by the court, appellants' trial counsel prepared an order permitting withdrawal of attorney in compliance with rule 376 of the California Rules of Court. That order set forth appellants' last known address and telephone number as is required by rule 376(d). That order was served on appellants by mail on October 31, 1984, and was signed and filed with the court on November 7, 1984. Compliance with rule 376(d) renders the address set forth on the order to be "the address and number of record for that party subject to Code of Civil Procedure section 1011, subdivision (2)." Code of Civil Procedure section 1011 describes the manner of service of process on a party to the action.

On April 25, 1985, respondent served notice of entry of amended judgment (the original notice herein) by mail on each of the appellants at the address noted on the order permitting appellants' trial counsel to withdraw as attorney for appellants. Five days later, on April 30, 1985, respondent served another notice of entry of amended judgment (the second notice herein), in the exact form of the original notice, by mail on each of the appellants at the address of the real property in issue in the action. Appellants filed their notice of appeal on July 1, 1985, 67 days after service of the original notice and 62 days after service of the second notice. The 60th day following the serving of the second notice was Saturday, June 29, 1985. Appellants' notice of appeal was filed the following Monday, July 1, 1985.

Code of Civil Procedure section 12a states: "If the last day for the performance of any act provided or required by law to be performed within a specified period of time shall be a holiday, then such a period is hereby extended to and including the next day which is not a holiday. The term 'holiday' as used herein shall mean all day on Saturdays, . . ."

Rule 2(a) of the California Rules of Court provides, in pertinent part, that ". . . a notice of appeal shall be filed . . . within 60 days after the date of service of written notice of entry of judgment by any party upon the party filing the notice of appeal . . . ."

█ The requirement as to the time for taking an appeal is mandatory, and the court is without jurisdiction to consider one which has been taken subsequent to the expiration of the statutory period. In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal, even to relieve against mistake, inadvertence, accident, or misfortune. Nor can jurisdiction be conferred upon the appellate court by the consent or stipulation of the parties, estoppel, or waiver. (*Estate of Hanley* (1943) 23 Cal.2d 120, 123 [142 P.2d 423, 149 A.L.R. 1250].)

"The reviewing court for good cause may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal." (Cal. Rules of Court, rule 45(e).) Therefore, despite the well-established policy, based upon the remedial character of the right of appeal, of according such right in doubtful cases the guiding principle applicable in such matters is that the time for filing an appeal is mandatory and jurisdictional. The first step, taking of the appeal, is not a procedural one; it vests jurisdiction in the appellate court and terminates the jurisdiction of the lower court. If it appears that the appeal was not taken within the 60-day period, the court has no discretion but must dismiss the appeal on its own motion even if no objection is made. (*Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660, 666 [125 Cal.Rptr. 757, 542 P.2d 1349].)

Any confusion or uncertainty caused by respondent's redundant and superfluous service of the second notice of entry of judgment did not relieve appellants from the obligation to file a timely notice of appeal within the time prescribed after service of the original notice. In *Estate of Hanley, supra,* 23 Cal.2d 120, the Supreme Court set out the narrow limiting rule which governs the jurisdictional issue before this court. The court there stated: "In examining the appellant's position, it is immaterial whether the misrepresentations concerning the date upon which the order was filed were wilful or inadvertent, whether the reliance thereon was reasonable or unreasonable, or whether the parties seeking to dismiss are acting in good faith or not. It may be assumed that the appellant has presented grounds for relief which would be sufficient if relief could be granted. But the requirement as to the time for taking an appeal is mandatory, and the court is without jurisdiction to consider one which has been taken subsequent to the expiration of the statutory period." (*Id.,* at p. 122.) In essence, the

court adopted the hard and fast rule that neither mistake, inadvertence, accident, misfortune, estoppel nor waiver can afford relief from the jurisdictional necessity of filing a timely notice of appeal. (*Hollister Convalescent Hosp., Inc.* v. *Rico, supra,* 15 Cal.3d 660.)

Further, even assuming, arguendo, that estoppel or other compelling excuse may form the basis for an exception to the jurisdictional rule (*Thompson, Curtis, Lawson & Parrish* v. *Thorne* (1971) 21 Cal.App.3d 797, 798 [98 Cal.Rptr. 753]), appellants have not shown facts which would support such exception in this case. There is, for example, no claim that appellants never received the original notice, nor that, for whatever reason, they relied on the second notice and ignored the original notice, etc.

Finally, appellants' reliance on *Slawinski* v. *Mocettini* (1965) 63 Cal.2d 70 [45 Cal.Rptr. 15, 403 P.2d 15] and its progeny is misplaced. In the *Hollister* case, cited above, the Supreme Court specifically limited its ruling in the *Slawinski* case to the specific facts and issues presented in that matter and expressed its "disagreement with any language in that case [*Slawinski*] which suggests that the notion of estoppel has any place in determining whether a timely notice of appeal has been filed within the jurisdictional period therefor." The court held that the ruling in the *Slawinski* case was limited to the narrow proposition that when there is a clear conflict between the permanent minutes of the court and a formal order of denial subsequently issued by it relative to the date of entry of an order denying a motion for a new trial, that conflict is to be resolved for purposes of appeal in the appellants' favor. Thus, for purposes of appeal, the date of entry of judgment in such circumstances is deemed to be the later of the two conflicting dates. (15 Cal.3d at pp. 674, 668.)

Further, the court in the *Hollister* case specifically disapproved the result reached in *In re Morrow* (1970) 9 Cal.App.3d 39 [88 Cal.Rptr. 142]. The Supreme Court, acknowledging that the Court of Appeal had relied directly upon the admittedly unnecessary and overbroad dicta in *Slawinski* in utilizing principles of estoppel in arriving at its result, held that "*Morrow* reaches an improper result and is wrongly decided; we hasten to disapprove it." The court then expressed its intention, in forceful and direct language, to restore the principles of *Estate of Hanley, supra,* 23 Cal.2d 120 to its former clarity, i.e., that the expiration of the jurisdictional period is not, and by its nature cannot, be affected by the actions of the parties. (*Hollister Convalescent Hosp., Inc.* v. *Rico, supra,* 15 Cal.3d at p. 674.)

For the reasons set forth above, we hold that this court is without jurisdiction in the matter, lacks all power to consider the appeal on its merits and must dismiss without regard to considerations of estoppel or other

compelling excuse. That conclusion is dispositive of the matter and makes unnecessary any discussion of the other contentions of the parties. The appeal is dismissed.

Feinerman, P. J., and Hastings, J., concurred.