[No. F015353. Fifth Dist. July 22, 1992.]

GEORGE SHARP, a Minor, etc., Plaintiff and Appellant, v.
UNION PACIFIC RAILROAD COMPANY, Defendant and Respondent.

COUNSEL

Arnold Laub and A. Marquez Bautista for Plaintiff and Appellant.

Michael L. Whitcomb and James C. E. Barclay for Defendant and Respondent.

OPINION

BEST, P. J.—Plaintiff has appealed from the summary judgment entered in favor of defendant ordering that plaintiff take nothing by his first amended complaint. This complaint sought damages for personal injuries sustained in a diving accident. Plaintiff alleged defendant engaged in willful misconduct by failing to guard or warn against a dangerous condition presented by a railroad trestle which spanned an irrigation canal and was therefore liable for plaintiff's injuries.

We do not reach the merits of the case but dismiss the appeal because plaintiff's notice of appeal was not timely filed.

PROCEDURAL BACKGROUND

By minute order dated September 11, 1990, the trial court granted defendant's motion for summary judgment. A formal "ORDER FOR ENTRY OF SUMMARY JUDGMENT" was signed by the Honorable Hugh Rose III on October 4, 1990, and filed on October 5, 1990. "JUDGMENT BY COURT ORDER UNDER CCP § 437c" was signed by Judge Rose on October 4, 1990, and filed on October 5, 1990. On October 15, 1990, file-stamped copies of the filed order and judgment were served by mail on plaintiff's counsel and counsel for codefendant Turlock Irrigation District. Plaintiff's notice of appeal was filed on January 31, 1991.

DISCUSSION

California Rules of Court, rule 2 (a), provides, in part:

"[A] notice of appeal shall be filed on or before the earliest of the following dates: (1) 60 days after the date of mailing by the clerk of the court of a document entitled 'notice of entry' of judgment or appealable order; (2) 60 days after the date of service of a document entitled 'notice of entry' of judgment or appealable order by any party upon the party filing the notice of appeal, or by the party filing the notice of appeal; or (3) 180 days

after the date of entry of the judgment. For the purposes of this subdivision, a file-stamped copy of the judgment or appealable order may be used in place of the document entitled 'notice of entry.' "

■    Here, defendant served plaintiff by mail. "Where notice is by a party, sending an endorsed copy of the judgment showing its date of entry constitutes sufficient notice and failure to file notice of appeal within 60 days results in dismissal of the appeal." (*Younesi* v. *Lane* (1991) 228 Cal.App.3d 967, 973 [279 Cal.Rptr. 89].) Although effective service requires strict compliance with Code of Civil Procedure sections 1012, 1013, and 1013a (*Valley Vista Land Co.* v. *Nipomo Water & Sewer Co.* (1967) 255 Cal.App.2d 172, 174 [63 Cal.Rptr. 78]), the record, as augmented, shows those requirements were met. Plaintiff does not contend otherwise.

Plaintiff argues his notice of appeal was timely, being filed within 180 days of entry of judgment, on the ground that he never received the file-stamped copy of the judgment which was mailed by defendant on October 15. In support of this assertion, plaintiff has submitted a declaration from Vicki Laycock, a secretary employed by his attorney.[1] In her declaration, Ms. Laycock states that when, on October 23, 1990, she realized the office had not yet received a notice of entry of the judgment, she called the superior court clerk and learned that judgment had been entered on October 5. According to Ms. Laycock, the notice mailed by defendant was never received. However, service is complete at the time the document is deposited in the mail. (Code Civ. Proc., § 1013, subd. (a).) Further, the sender does not have the burden of showing the notice was actually received by the addressee. (*Forslund* v. *Forslund* (1964) 225 Cal.App.2d 476, 487 [37 Cal.Rptr. 489].) Thus, the 60-day time limit for filing the notice of appeal commenced on October 15, 1990.

■    Plaintiff further contends defendant should be estopped from raising the fact of proof of service of the file-stamped copies of the judgment—the equivalent of notice of entry of judgment—by reason of defendant's failure to file the proof of service in the trial court. "It is true that no proof of service was filed with the trial court. However, an affidavit may be used to prove service. (Code Civ. Proc., § 2009.)" (*National Advertising Co.* v. *City of Rohnert Park* (1984) 160 Cal.App.3d 614, 618 [206 Cal.Rptr. 696].) Defendant's motion to augment the record on appeal was filed in this court on May 1, 1991. Attached to the motion as Exhibit A is the proof of service of a file-stamped copy of the judgment, containing Susan L. Conklin's declaration under penalty of perjury executed on October 15, 1990, showing

---

[1]The parties have stipulated to the record being augmented to include this declaration. We accept the stipulation.

service by mail on counsel for all parties on that same date. No opposition to that motion was filed. By not filing written opposition to the motion, plaintiff consented to the granting of the motion. (Cal. Rules of Court, rule 41(c).) Our order granting the motion was entered on May 31, 1991, and the proof of service became, and is, part of the record on appeal.

■ "The requirement as to the time for taking an appeal is mandatory, and the court is without jurisdiction to consider one which has been taken subsequent to the expiration of the statutory period." (*Stuart Whitman, Inc.* v. *Cataldo* (1986) 180 Cal.App.3d 1109, 1113 [226 Cal.Rptr. 42].) Under California Rules of Court, rule 45(e), a reviewing court may relieve a party from a default occasioned by the failure to comply with the rules of court, *except* the failure to give timely notice of appeal. Thus, neither mistake, inadvertence, accident, misfortune, estoppel nor waiver can afford relief from the jurisdictional necessity of filing a timely notice of appeal. (*Stuart Whitman, Inc.* v. *Cataldo, supra,* 180 Cal.App.3d at pp. 1113-1114.) If it appears the appeal was not taken within the 60-day period, the court has no discretion and must dismiss the appeal. (*Id.* at p. 1113.)

■ Here, the notice of appeal was filed long after the 60-day period had expired. Thus, this court is without jurisdiction to consider this appeal on the merits.

Further, as of October 23, 1990, plaintiff had actual notice that judgment was entered on October 5. Thus, applying the 60-day time limitation under California Rules of Court, rule 2(a)(2), does not offend due process. Plaintiff was not deprived of a substantial right without notice. (Cf. *State Farm Fire & Casualty Co.* v. *Workers' Comp. Appeals Bd.* (1981) 119 Cal.App.3d 193, 196-197 [173 Cal.Rptr. 778].)

### DISPOSITION

The appeal is dismissed. Each party to bear its own costs.

Ardaiz, J., and Thaxter, J., concurred.