Filed 6/27/13  Nguyen v. Young CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| TRANG TU NGUYEN,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>WING YOUNG,<br><br>        Defendant and Appellant. | A135369<br><br>(Marin County<br>Super. Ct. No. CV042642) |

Defendant Wing Young appeals from a judgment entered against him on the basis of an arbitration award.  Because the notice of appeal was not filed in a timely manner, we dismiss his appeal.

## I.  BACKGROUND

On June 15, 2004, Trang Tu Nguyen filed a complaint against Capacon Corp. (Capacon), LH GAO Construction, and Young, the owner of Capacon.  The complaint alleged causes of action for breach of contract and negligence arising from the construction of a single-family home in San Rafael.  Capacon filed a separate action against Nguyen and his lenders for nonpayment of the construction expenses.  The actions were consolidated, and the matter was sent to binding arbitration on stipulation of the parties in November 2005.

On December 14, 2011, according to the court's docket sheet, Nguyen's counsel appeared before the court and made an "ex parte request for court to enter judgment for plaintiff to file abstract of judgment."  The docket sheet states that, at the time of the appearance, Nguyen's counsel told the court "plaintiff will waive time for filing notice of

appeal due to the defendant being unavailable until April." On December 19, 2011, the court executed a "Judgment of the Court Following Binding Arbitration" against Young for $156,097, and against Capacon for $215,777. The judgment contains the following handwritten paragraph, initialed by the court: "4. Plaintiffs, as a condition of Entry of Judgment until May 12, 2012 by which to file a Notice of Appeal [*sic*]."

On December 23, 2011, Nguyen's counsel served on Young a document entitled, "Notice of Entry of Judgment of the Court Following Binding Arbitration." The notice does not attach a copy of the court's judgment. Instead, it states, "You are hereby notified that Judgment has been entered as follows," followed by a quotation of three of the four paragraphs of the judgment. It omits the handwritten paragraph apparently added by the trial court. The document is accompanied by a proof of service by mail.

Young's notice of appeal from the judgment was filed on May 2, 2012. Recognizing the potentially untimely nature of the appeal, we directed both parties to file supplemental letter briefs addressing the issue in an order of March 20, 2013.

## II. DISCUSSION

The time to appeal a judgment of the superior court is governed by California Rules of Court, rule 8.104(a), which states: "Unless a statute or rule 8.108 provides otherwise, a notice of appeal must be filed on or before the earliest of: (1) [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment." Assuming the validity of Nguyen's notice of entry of judgment, rule 8.104(a)(1)(B) required Young to file his notice of appeal within 60 days of the service of the notice of entry, or February 21, 2012. The notice of appeal, filed May 2, 2012, was therefore untimely by more than two months. Because a timely notice of appeal is a jurisdictional prerequisite to this court's consideration of an appeal,

Young's appeal must be dismissed. (Cal. Rules of Court, rule 8.104(b); *Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 504.)

We acknowledge that Nguyen's attorney told the court Nguyen would not enforce the deadline for appeal and the trial court wrote a provision into the judgment that, while garbled, appears intended to extend Young's time for appeal until May 12, 2012. Neither of these preserves the timeliness of the appeal, however, because Nguyen and the trial court both lacked the power to extend the jurisdictional deadline for the filing of a notice of appeal.

The trial court's lack of power is explicitly stated in California Rules of Court, rule 8.104(b): "Except as provided in rule 8.66, no court may extend the time to file a notice of appeal." Because rule 8.66 applies only in the case of natural disasters, it is inapplicable.

Counsel similarly lacked the authority to stipulate to a valid extension of time to appeal. In *Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, the Supreme Court disapproved a line of authority that had relaxed the requirements for the filing of a notice of appeal. In affirming the need for a timely notice under the applicable rules, the court held: "The expiration of a jurisdictional period is not, and by its nature cannot, be affected by the actions of the parties. To reiterate the words of [*Estate of Hanley* (1943) 23 Cal.2d 120]: 'It is immaterial whether the misrepresentations concerning the date upon which the order was filed [are] wilful or inadvertent, whether the reliance thereon [is] reasonable or unreasonable, or whether the parties seeking to dismiss are acting in good faith or not. . . . [*T*]*he requirement as to the time for taking an appeal is mandatory, and the court is without jurisdiction to consider one which has been taken subsequent to the expiration of the statutory period*.' [Citation.] [¶] . . . [W]hen such notice has not in fact been filed within the relevant jurisdictional period . . . the appellate court . . . lacks all power to consider the appeal on its merits and must dismiss, on its own motion if necessary, without regard to considerations of estoppel or excuse." (*Id.* at p. 674, italics added by *Hollister*; see also *Sharp v. Union Pacific R.R. Co.* (1992) 8 Cal.App.4th 357,

361 ["neither mistake, inadvertence, accident, misfortune, estoppel nor waiver can afford relief from the jurisdictional necessity of filing a timely notice of appeal"].)

We also recognize the form of Nguyen's notice of entry of judgment is unusual. California Rules of Court, rule 8.104 does not, however, prescribe any particular form for a notice of entry of judgment, other than requiring it to bear the title " 'Notice of Entry' of judgment," as Nguyen's did. (Cal. Rules of Court, rule 8.104(a)(1)(B); *Delmonico v. Laidlaw Waste Systems, Inc.* (1992) 5 Cal.App.4th 81, 85.) There is no requirement for the notice to attach a copy of the actual judgment or state the date of its entry. (Cal. Rules of Court, rule 8.104(a)(1)(B).) On the contrary, a notice of entry of judgment is sufficient even if it *misstates* the date of entry of judgment, since, under rule 8.104, the critical date is the date of service of the notice of entry, not the date the judgment was entered. (*Delmonico*, at p. 85; *In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 114.)

A notice of entry of judgment is ineffective only if it fails to provide actual notice that a judgment has been entered. (*In re Marriage of Eben-King & King, supra,* 80 Cal.App.4th at p. 114.) Nguyen's notice, in addition to being entitled "Notice of Entry of Judgment of the Court Following Binding Arbitration," states, "You are hereby notified that Judgment has been entered as follows" and relates the material provisions of the judgment. This indisputably provided Young with actual notice that the judgment had been entered. Because his notice of appeal was thereafter untimely filed, we lack the jurisdiction to consider his appeal.

4

## III. DISPOSITION

The appeal is dismissed.

_____
Margulies, Acting P.J.

We concur:


_____
Dondero, J.


_____
Banke, J.