Filed 1/21/14  Plummer v. Coen CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| EDWARD PLUMMER, JR., | B243224 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. KC052996) |
| v. | |
| LAVONNE COEN, et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Salvatore Sirna, Judge.  Affirmed.

Edward Plummer, Jr., in pro. per.; and Jon Dieringer for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Alicia M. B. Fowler, Senior Assistant Attorney General, Michael E. Whitaker and Bruce Reynolds, Deputy Attorneys General, for Defendants and Respondents.

_____

Edward Plummer, Jr. sued the Department of Health Care Services (DHCS) and one of its employees, and the trial court granted summary judgment in the defendants' favor. Plummer appeals, and we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plummer, a former employee of DHCS, sued DHCS and its employee LaVonne Coen, alleging that they discriminated against him based on age and race, and also that they retaliated against him. The defendants moved for summary judgment, asserting that the causes of action were barred by the statute of limitations, res judicata, and collateral estoppel; that Plummer could not establish a prima facie case of discrimination or retaliation; that the employment decisions Plummer complained of were based upon legitimate management concerns and were not discriminatory or retaliatory; and that the causes of action against Coen all failed because claims under the California Fair Employment and Housing Act (FEHA) may only be raised against employers.

Instead of filing a substantive opposition to the motion for summary judgment, Plummer requested a continuance of the hearing pursuant to Code of Civil Procedure[1] section 437c, subdivision (h). The trial court denied the request because Plummer had not made the showing required by that section. The court concluded that the defendants had satisfied their burden as the moving party and that Plummer had not provided any substantive opposition to demonstrate any triable issues of material fact. Accordingly, the court granted the motion for summary judgment. Plummer appeals.

## DISCUSSION

### I.     Service of the Reply Brief

At the hearing on the motion for summary judgment, Plummer told the court that he had not been served with the defendants' reply brief. The court consulted the proof of service that had been filed by the defendants, confirmed that the address on the proof of

---

[1]     Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

2

service was Plummer's, and then continued with the hearing. Plummer contends on appeal that he "testified" that he was not served; that any evidence to the contrary "must be considered false, misleading, and contrary to what is lawful in a court of law"; and that he was denied due process when the court continued with the summary judgment hearing despite his assertion that he was not served with the reply brief.

Plummer's contentions lack merit. The defendants submitted a proof of service executed by Yuriko Cuan-Claro, an employee of the Office of the Attorney General, in which she declared that on May 29, 2012, she served the reply memorandum by overnight FedEx delivery. Pursuant to section 1013, subdivision (c), service by overnight service is complete when the item to be served, properly addressed and prepaid, is deposited in a box or facility maintained by the express service carrier or given to the carrier's driver or courier. The sender does not have the burden of showing that the served document was actually received by the addressee. (*Sharp v. Union Pacific R.R. Co.* (1992) 8 Cal.App.4th 357, 361.) Plummer has not established any error in the court's reliance upon the proof of service, with confirmation from Plummer that the address listed there was his correct residential address, to conclude that the defendants had served the reply brief.

## II.     Continuance Request

Plummer argues that the summary judgment must be reversed because the trial court failed to grant a continuance for additional discovery pursuant to section 437c, subdivision (h). Section 437c, subdivision (h) provides that "[i]f it appears from the affidavits submitted in opposition to a motion for summary judgment . . . that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented," the court shall deny the summary judgment motion or grant a continuance to allow additional discovery to be conducted. The party opposing the summary judgment motion must demonstrate by declaration that the facts to be obtained are essential to opposing the motion; that there is a reason to believe that the facts may exist; and the reasons why additional time is needed to obtain the facts. (*Frazee v. Seely* (2002) 95 Cal.App.4th 627,

633; *Cooksey v. Alexakis* (2004) 123 Cal.App.4th 246, 254.) A trial court's decision whether to grant a continuance is reviewed for an abuse of discretion. (*Frazee*, at p. 635.)

Plummer declared that he "is informed and believes that there is essential controverting evidence to the defendants' motion for summary judgment/summary adjudication of the issues which exist but cannot be presented at this time because the defendants have not produced the evidence, or will not produce the evidence for reasons such as the defendants['] belief that said evidence is 'equally available' to both parties." He wrote that the "defendants have asserted that there was an agreement, assumedly between the plaintiff and DHCS, regarding his retirement" and that this assertion was false. Plummer declared that he had requested "documents and admissions" from the defendants, and that he believed that "these and other discovery items are essential and may prove to be not only supportive of his opposition to the defendants' motion, but may prove to be dispositive as well in terms of disputing" eight facts asserted by the defendants to be undisputed and material. He stated that his copy of his deposition transcript was incomplete and that he needed the complete transcript "to dispute defendants' undisputed material facts relative to the evidence referenced in said transcripts." Finally, he declared that the discovery could be finished by June 26, 2012.

Plummer's declaration lacked a clear statement of what facts essential to the opposition existed. He made no reference to any specific facts or evidence except to say that he disputed the allegation that there had been an agreement between himself and DHCS as to his retirement. He did not identify what facts his outstanding discovery was expected to yield, what rebutting facts were expected to be developed through further discovery, or why these facts were essential to oppose the summary judgment motion. "It is not sufficient under the [summary judgment] statute merely to indicate further discovery or investigation is contemplated. The statute makes it a condition that the party moving for a continuance show 'facts essential to justify opposition may exist.' The declaration indicates [that] . . . depositions remained to be completed and [plaintiff] had not yet received his expert opinions. However, there is no statement which suggests what facts might exist to support the opposition to the motions." (*Roth v. Rhodes* (1994) 25

4

Cal.App.4th 530, 548.) Plummer attempts to distinguish *Roth* from the present case, but the cases are similar in that in each case the declaration submitted to support the request for a continuance of the summary judgment hearing failed to meet the substantive requirements of section 437c, subdivision (h). (See *ibid*.) Because Plummer provided only general information that discovery was not yet complete and conclusory assertions that the discovery would permit him to oppose the motion, as opposed to a declaration of the facts that he believed to exist and how they would be essential to justify opposing the motion for summary judgment, the trial court did not abuse its discretion in failing to grant his request for a continuance.

### III.    Substantive Challenges to the Summary Judgment Ruling

A motion for summary judgment is properly granted only when "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) A defendant moving for summary judgment begins with the burden of showing that there is no merit to a cause of action, and the defendant satisfies this burden by showing that one or more elements of the cause of action cannot be established or that there is a complete defense to that cause of action. (Code Civ. Proc., § 437c, subd. (p)(2).) Once the defendant has made such a showing, the burden shifts to the plaintiff to show that a triable issue of one or more material facts exists as to that cause of action or as to a defense to the cause of action. (*Ibid*.) If the plaintiff does not make this showing, summary judgment in favor of the defendant is appropriate. If the plaintiff makes such a showing, summary judgment should be denied.

Here, because Plummer does not contend that the defendants failed to meet their initial burden of showing there was no merit to his causes of action, we proceed to the analysis of the second step of the summary judgment analysis:  whether Plummer demonstrated that a triable issue of material fact existed, precluding summary judgment. While we review a grant of summary judgment de novo (*Intel Corp. v. Hamidi* (2003) 30 Cal.4th 1342, 1348), it is always the appellant's burden on appeal to demonstrate that the

trial court erred.  (*Boyle v. CertainTeed Corp*. (2006) 137 Cal.App.4th  645, 649-650 [party asserting trial court error may not rest on the bare assertion of error but must present argument and legal authority on each point raised].)

A.  Opposition Papers

Plummer contends that his opposition papers were sufficient to meet his burden to demonstrate a triable issue of material fact.  He argues that his "opposition paper clearly states, and where it does not state it infers, that the defendants in this case did explore, plan, or conspire[] to employ a hiring scheme so as to 'circumvent' the usual method of hiring so as to exclude Plummer from the hiring process."  Here, Plummer cites to two pages of his argument in his points and authorities filed in the trial court in opposition to the summary judgment motion.  We have reviewed these pages and find that they do not set forth "specific facts showing that a triable issue of material fact exists" (Code Civ. Proc., § 437c, subd. (p)(2)) as to any of his causes of action.

First, Plummer asserted, without reference to supporting evidence, that if the defendants had "adhered to" the "statutory constraints" that they ignored, this "would have prevented each and every harmful event mentioned in the plaintiff's pleading."  This contention, not supported by evidence or explained in any detail, was insufficient to establish any triable issue of material fact.

Next, Plummer observed that the defendants asserted that employment with the State of California is statutory, but that they had not identified any statute that authorized "the manner and methods by which the application and hiring process relative to this action was conducted."  He then noted that the defendants had stated that statutory provisions controlling the terms and conditions of his employment could not be circumvented.  Although Plummer argues on appeal that this passage "infers" that there was a conspiracy to circumvent the usual method of hiring, he made no such argument in this passage, and he neither presented nor described any evidence of any conspiracy or circumventing conduct by the defendants.  This argument is insufficient to demonstrate a triable issue of material fact.

6

Finally, Plummer included in his opposition papers a paragraph concerning an alleged agreement between himself and DFCS concerning his employment in which he contended that there was no such agreement and that the "associated facts are disputed." He provided no reference to any evidence to demonstrate a factual dispute; instead, he stated that discovery had been requested and that he believed it was essential, would support his opposition, and "may prove to be dispositive" in terms of disputing some of the defendants' statements of undisputed material fact. Here, Plummer merely stated that he disagreed with one of the defendants' contentions, but he identified no evidence that would tend to show that a triable issue of material fact existed. Plummer's opposition papers failed to demonstrate that triable issues of material fact existed as to the causes of action in his complaint.

## B. Plummer's Beliefs About Retaliation

In Plummer's other paragraph of argument concerning the merits of the summary judgment motion, he argued that he "believes that there is a causal link between his past participation in protected activity and the DHCS'[s] efforts to hire around him in spite of his knowledge, skills and experience," and that he "believes that his failed attempts at restoring his employment ha[ve] been thwarted by retaliatory actions on the part of DHCS staff, particularly" defendant Coen. Plummer did not support these statements of belief with supporting evidence.

Plummer then stated that the actions of Coen and unnamed others "resulted in the but-for cause of Plummer's problems." He asserted that Coen was "the conduit of the retaliatory animus toward Plummer." He claimed that Coen worked in the DHCS personnel office at all times when actions were taken against him, although to support these factual assertions he cited to his complaint and to a page of the defendants' points and authorities. Plummer asserted, without citation to any evidence, that "Coen was at all times aware of Plummer's conduct and grievances due to her position in the DHCS personnel section," and concluded that "[t]o what extent Coen was involved with Plummer's constructive dismissal, can only be determined through additional discovery."

7

At best, Plummer demonstrated that Coen worked in the personnel section of DHCS at times relevant to the litigation, but he did not identify any specific facts or evidence that tend to support an allegation of retaliatory animus, retaliation, or discrimination, and he conceded that he had no evidence of her involvement in what he describes as his constructive dismissal. By this argument, Plummer has not established any error by the trial court in granting summary judgment, nor has he demonstrated any triable issue of material fact.

## IV. Request for Judicial Notice

Plummer filed a request that this court take judicial notice of a number of documents. First, in conjunction with his argument concerning service, Plummer requested that this court take judicial notice of the FedEx Airbill for the May 29, 2012, shipment and a letter from FedEx to counsel for the defendants in which FedEx recounted its three efforts to deliver the package and its conversations with Plummer in which Plummer refused delivery of the package. We deny Plummer's request with respect to Exhibits A and B because these documents may not properly be judicially noticed. (Evid. Code, §§ 450-452.)

Next, Plummer has requested that we take judicial notice of a series of California statutes and Rules of Professional Conduct (Exhibits C through F). Pursuant to Evidence Code section 451, subdivisions (a) and (c), we must grant Plummer's request to take judicial notice of California's statutory law and rules of professional conduct.

Finally, Plummer asks us to take judicial notice of Exhibit G, a letter dated June 27, 2006, addressed to the Department of Fair Employment and Housing that he contends demonstrates that he had "complained timely" to the Department of Fair Employment and Housing. This document, which appears not to have been presented to the trial court and therefore to be outside the record, is not a proper subject of judicial notice. (Evid. Code, §§ 450-452.)

8

## DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs, if any, on appeal.


ZELON, J.


We concur:


WOODS, Acting P. J.


SEGAL, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.